Edward **KOSSMAN**, Plaintiff,

v.

**Marion B. FOLSOM, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 16938.**

United States District Court
E. D. New York.

Nov. 8, 1957.

———◆———

Sidney Szerlip, Brooklyn, N. Y., for plaintiff.

Cornelius W. Wickersham, J., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for defendant, Myron Friedman, Asst. U. S. Atty., Long Beach, N. Y., of counsel.

BRUCHHAUSEN, District Judge.

The defendant moves for summary judgment in his favor.

This is an action under Section 205 (g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), for a judicial review of the Administrator's determination that the plaintiff was not a fully insured person entitled to old-age benefit under the Act.

The material facts are not in dispute. Plaintiff claims that although his retail meat business showed a net loss during the period he claims to have earned, and paid for, insurance benefits, nevertheless he was entitled to pay for coverage on the basis of the salary he paid himself in the business during that period, and receive the statutory benefits, based upon such payments.

The Act distinguishes between employment (Sec. 210) 42 U.S.C.A. § 410, and self-employment (Sec. 211) 42 U. S.C.A. 411. The latter section specifically provides that self-employment income means the gross income as computed under Chapter 1 of the Internal Revenue Code, less business deductions as therein provided.

The plaintiff contends that the Internal Revenue Code 1954, 26 U.S.C.A. § 703, provides that partnership income shall be computed in the same manner as in the case of an individual. The Social Security Act, with which we are dealing, however, provides otherwise for the aforesaid Section 211, 42 U.S. C.A. 411, states that self-employment income shall also include the income of an individual from a partnership of which the insured is a member, with certain exclusions and exceptions.

The plaintiff also contends that if a corporation suffered a loss during the taxable year, its salaried employees should not be deprived of the insurance benefits based upon the salaries received during the taxable year. The corporation and the individual employees are entirely separate entities. If the common law did not make that so, the Social Security Act, for its purposes, left no room for doubt.

The plaintiff would be the last one to argue that he should include himself as an employee to be counted in deter-

**158**

mining whether unemployment insurance or workmen's compensation benefits should be paid under the related statutes. If his business showed a handsome‧ profit he would undoubtedly oppose claims for both taxes, one on account of the business and another on account of the salary received by him.

As the Government has pointed out in its brief, if the plaintiff's contention be correct, the 1950 amendments to the Act providing for self-employment income were unnecessary for any individual paying himself a salary could have obtained coverage.

The abuses that could result if plaintiff's argument were to prevail are apparent. A year and one-half (six quarterly periods) before one becomes eligible for benefits, Sec. 214(a) (2), 42 U.S.C.A. § 414(a) (2), he could embark upon any enterprise, no matter how frivolous, and for a negligible sum, obtain full benefits for the rest of his life.

The motion is granted.