Willie E. VARNADO, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education & Welfare, Defendant.

No. 8560.

United States District Court
E. D. Louisiana,
New Orleans Division.

Aug. 12, 1959.

Dodd, Hirsch, Barker & Meunier, Thomas J. Meunier, New Orleans, La., for plaintiff.

Lloyd Cyril Melancon, Asst. U. S. Atty., New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

This petition for review of a decision by a referee in the Department of Health, Education and Welfare, Social Security Administration, is brought by a 58-year-old ex-truck driver for a beer company under 42 U.S.C.A. § 405(g).[1]

Varnado first complained of back pains in April 1956, was operated on twice, and had two discs removed from his lumbar spine. Because of nerve root involvement, pain and discomfort have returned. His right leg apparently is paralyzed, he wears a brace and walks with a cane or crutch and suffers a right foot drop. The referee found:

> "The medical evidence in this case describes neurological residuals as a result of nerve root damage affecting primarily claimant's right lower extremity. The resultant atrophy of the right leg and foot drop has limited the use of this extremity, though he is able to ambulate, with difficulty, using a brace. Though there are some nervous symptoms, he was found in no way to be psychotic. There has been and claimant no doubt does experience

---

1. This section states, in pertinent part, as follows:

 " * * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *."

some pain on occasion, but the evidence does not show it to be continuously severe. There is no question that claimant is unable to perform his former work, but the evidence does not indicate that claimant would not be able to engage in some type of light sedentary work for which he is qualified by education, experience and over-all physical ability. * * *"

The referee concluded that Varnado could engage in "substantial gainful activity," within the intendment of 42 U.S. C.A. § 423(c) (2),[2] and was therefore ineligible for disability benefits. The appeals council for the Department of Health, Education and Welfare, Social Security Administration, denied a request for a formal review of the referee's decision.

Varnado did not appear before the referee, apparently having waived this right. The evidence considered by the referee in reaching his decision consisted chiefly of the medical testimony.[3] The medical evidence showed unanimous agreement that Varnado suffered a severe and permanent disability, barring him from further activity in the type of work in which he has been engaged for 23 years. The only question was to Varnado's ability to engage in the future in "any substantial gainful activity."

Both parties move for summary judgment.

 The burden of proving a disability so severe that it incapacitates one for any substantial gainful employment is upon the claimant.[4] And the finding of the referee is conclusive upon a reviewing court if supported by substantial evidence.[5] It might also be noted that while the testimony of medical experts as to a person's physical impairment may be irrefutable, the question as to whether that physical impairment disables the claimant from substantial gainful activity is for the referee.[6] However, the referee's

2. 42 U.S.C.A. § 423(c) (2):
"The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. * * *"

3. The names of the doctors and a summary of their testimony follows:
Dr. E. R. Guidry, Varnado's family doctor, who reported that Varnado was "unable to work."
Dr. Alvin Cohen, psychiatrist, who was requested by the State Division of Vocational Rehabilitation to evaluate Varnado's neurosis in connection with interference in ability to work, and who stated, "His symptoms are moderately severe, but for the most part are not incapacitating. * * * I do not believe he is incapacitated by virtue of emotional symptoms. * * *"
Dr. Jack Wickstrom, orthopedist, who was also asked by the State Division of Vocational Rehabilitation to evaluate the extent of claimant's orthopedic disability in connection with inability to engage in gainful activity, and who stated, " * * * I do feel that he can, and should, be given the opportunity of training for some type of work which is primarily sedentary and avoid continued standing, any bend-

ing or lifting and little walking * * *."
Dr. Solomon Winokur, physiotherapist, who examined Varnado after his operations and who stated, "Patient has been certified as totally disabled from a compensation viewpoint to return to his former occupation." And, "Patient has been advised not to return to his former occupation, namely that of a truck driver. It is quite possible that he could engage in activity not involving lifting of heavy weights or prolonged sitting."
Dr. R. H. Corales, Jr., neurosurgeon, who treated and examined Varnado from the outset of his complaints, and who stated, "I feel that this patient is totally disabled for the type of work which he previously did and believe that the residual which he has at the present time is disabling for heavy work, which a truck driver must do."

4. Bostick v. Folsom, D.C., 157 F.Supp. 108; Fuller v. Folsom, D.C., 155 F.Supp. 348; Thurston v. Hobby, D.C., 133 F. Supp. 205.

5. 42 U.S.C.A. § 405(g); Rosewall v. Folsom, 7 Cir., 239 F.2d 724; Ferenz v. Folsom, 3 Cir., 237 F.2d 46.

6. United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; Hamilton v. United States, 5 Cir., 73 F.2d 357; United States v. Stephens, 9 Cir., 73

decision must be based upon substantial evidence. 42 U.S.C.A. § 405(g). And that evidence may, of course, consist primarily of medical testimony, as it does here.

 Analyzing the record medical testimony on which the referee predicated his finding, the following is disclosed. One doctor says the claimant is totally disabled and unable to work. Another doctor says the claimant is not incapacitated by *emotional* symptoms. Another says Varnado is totally disabled for the type of work he formerly performed. Another says Varnado cannot do work which requires prolonged sitting. Another says Varnado must avoid continued standing.

It would appear from this analysis that there is at least grave doubt as to whether Varnado can engage in further gainful employment. The type of employment available to Varnado which would not require sitting, as indicated by one doctor, or standing, as indicated by another, is not disclosed. Undoubtedly, such a job would be very difficult to find.

Varnado is almost 59 years old, indisputably crippled. He attended school eight years. His livelihood during most of his adult life was made by heavy labors. The evidence considered by the referee shows that Varnado is totally disabled for the type of work he formerly performed, and whatever work he finds in the future must exclude either continued standing or prolonged sitting.

Considering Varnado's age, experience, education,[7] physical handicap and the conclusions of the doctors as to what in the future his body will be able to endure, this Court cannot with assurance say that there is substantial evidence in the record to support the referee's conclusions that

Varnado is able to engage in substantial gainful activity.

This case is remanded to the Secretary for the taking of additional up-to-date medical evidence and further evaluation under 42 U.S.C.A. § 423(c) (2) of the duration of petitioner's physical or mental impairment.

So ordered.

---

F.2d 695. See also Preface to the Special Edition of the Journal of the American Medical Association, February 15, 1958, "Guide to the Evaluation of Permanent Impairment of the Extremities and Back."

7. Section 404.1501(b) of Soc.Sec.Reg. No. 4 reads as follows:

"(b) In determining whether an individual's impairment makes him unable to engage in such activity, primary consideration is given to the severity of his impairment. Consideration is also given to such other factors as the individual's education, training and work experience." 20 C.F.R. 404.1501.