**Willie GRAHAM, Appellant,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Appellee.**

**No. 17196.**

United States Court of Appeals Ninth Circuit.

June 30, 1961.

392

Harriet Ross, Philip O. Solon, Oakland, Cal., for appellant.

Laurence E. Dayton, U. S. Atty., John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and WALSH, District Judge.

HAMLEY, Circuit Judge.

Willie Graham appeals from a summary judgment for defendant in his action to review a final decision of the Sec-

retary of Health, Education and Welfare rejecting his application for disability insurance benefits.

Graham's application for disability insurance benefits was made under section 223 of the Social Security Act, 42 U.S. C.A. § 423. The claim was denied by the chief of the Social Security Administration's evaluation and review branch on the ground that Graham was not disabled as defined in that section.[1] Graham later asked the bureau for a reconsideration of his application, asserting that the California State Vocational Rehabilitation Bureau had advised him that he would not benefit from its services. In his request for reconsideration, Graham also stated that he had decided against surgery for his back condition as he was told there was only a 50–50 chance that the operation might relieve his pain. The application was reconsidered but again denied, this time by the chief of the reconsideration branch.[2]

Graham then requested that a hearing be held on his application before a referee of the Social Security Administration. A hearing was held, as a result of which the referee found that since the date of his accident in August 1955, Graham had been unable to engage in any substantial gainful activity. The referee found that this was due to "medically determined impairments which can be expected to be of long-continued and indefinite duration." Upon these findings, the referee decided that Graham was entitled to the disability insurance benefits for which he had applied.

The referee's decision was then reviewed by the appeals council of the office of hearings and appeals, acting upon its own motion. No further hearing was had, but the council received and considered along with the evidence which had been before the referee a report of an examination of Graham made subsequent to the hearing before the referee by Dr. E. G. Bovill, Jr. This examination was arranged by the Bureau of Vocational Rehabilitation upon the request of the chairman of the appeals council. The appeals council also took administrative notice of certain governmental and industrial studies referred to below.

Upon review the appeals council found that Graham's impairment was not severe enough to make him unable to perform any kind of substantial gainful work during any of the period in question. The appeals council therefore reversed the decision of the referee and decided that Graham was not entitled to the establishment of a period of disability or to disability benefits.

Proceeding under the applicable statute and agency rule, Graham then commenced this action to review the decision of the appeals council.[3] As required by that statute the Secretary filed as a part of his answer a certified copy of the transcript of record, including the evidence upon which the contested findings and decision were based. Both parties moved for summary judgment. Graham's motion was denied and the Secretary's was granted. This appeal followed.

Appellant argues here that the Secretary misconstrued the statutory definition of "disability"[4] and that, in any event, the finding that Graham is not dis-

---

1. Section 223(c)(2) of the act reads:
   "(2) The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."

2. In the letter which again denied the application it was stated:
   "The medical evidence submitted shows that you have a back condition. Although some limitations may be imposed on your activities, your over-all ability has not been so severely affected as to prevent you continuously from engaging in any type of substantial gainful work."

3. Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g); 20 C.F.R. § 403.710(e).

4. Supra note 1.

abled under the statute is not supported by substantial evidence.

Appellant calls attention to the fact that the appeals council found him not disabled notwithstanding its finding that his condition prevented his return to his former work "or to any work requiring much bending or lifting or heavy manual labor." As appellant Graham notes, the council also recognized that he has but a fifth-grade education, "and thus is not equipped on the basis of his education or his employment background to engage in certain other types of work."

It is argued from this that the Secretary imposed too severe a test of disability and in effect required appellant to prove total disability or at least negate every possibility of gainful employment. District court decisions are cited for the propositions that the statute is remedial, that it is to be construed liberally, that Congress did not intend to exact as a condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment,[5] that disability benefits are not limited to those who are totally helpless,[6] and that speculation as to whether the applicant might engage in some other method of making a living is not a proper basis for denying a claim.[7] These and other district court decisions are also cited as cases in which an agency finding of no disability was reversed on the evidence of record.

■ In our opinion the council's finding that Graham's back injury prevents his return to his former work or to work requiring much bending or lifting or heavy manual labor did not require the council to hold that he was suffering a section 223 disability. Nor was such a holding required in the light of the council's further finding that Graham has but a fifth-grade education "and thus is not equipped, either on the basis of his education or his employment background, to engage in certain other types of work."

■ Section 223(c)(2) states that the term "disability" means inability to engage in "any substantial gainful activity" by reason of any medically determinable physical or mental impairment. Thus if one insured under the act suffers an injury which prevents him from engaging in his former work, or work which requires certain kinds of physical exertion, but there is a reasonable prospect that he can engage in other substantial gainful activity, disability has not been shown.

■ In determining whether there is such a prospect the educational and employment background of the applicant is to be taken into consideration, as the council did in this case. But the fact that his background limits the other types of work in which the applicant can engage does not necessarily require a finding that there is no reasonable prospect of other substantial gainful activity. Circumstances may nevertheless exist which warrant a finding that there remain available lines of endeavor in which the applicant can find substantial gainful employment.

But while the appeals council's findings concerning Graham's physical impairment and limited educational background do not require a determination that he is unable to engage in any substantial gainful employment, there is still the question of whether the appeals council's findings are supported by substantial evidence.

■■ A determination of the applicant's ability to engage in substantial gainful employment, commensurate with his background and capacities, "requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do?" Kerner v. Flemming, 2 Cir., 283 F.2d 916, 921. The appeals council found, in effect, that Graham was able to perform work of a

5. Varnado v. Flemming, D.C.E.D.La., 175 F.Supp. 706.

6. Flemming v. Booker, Civil No. 9313, N.D.Ala., November 5, 1959, affirmed 5 Cir., 283 F.2d 321.

7. Dean v. Flemming, D.C.E.D.Ky., 180 F. Supp. 553.

sedentary or semi-sedentary nature that would require little or no training for one with no similar previous experience and with a limited education. It also found that there are many job opportunities available for persons who can do this limited kind of work.

In our opinion there was substantial evidence to support each of these findings. The clinical information furnished by Dr. Robert D. Dunbar, who examined Graham on March 15, 1957, tends to show extensive permanent impairment of back and limb functioning. But the clinical information furnished by Drs. John A. Blosser and E. G. Bovill, Jr., who later examined Graham on July 24, 1958, and June 30, 1959, respectively, shows considerably less permanent impairment. Dr. Blosser expressed the opinion that Graham could return to work again. Dr. Bovill stated that Graham could work in an occcupation which did not require repeated heavy lifting.

The appeals council took administrative notice of industrial and governmental studies bearing upon the employment opportunities of persons suffering physical impairments of various kinds, including those of the kind suffered by Graham. Appellant does not challenge the statement of the appeals council that these studies indicate that many types of jobs are capably filled by persons with back and limb impairments of this kind, among which were numerous jobs which require little or no training or educational background. Consideration of such industrial and governmental studies for the purpose indicated has not been challenged, nor has appellant questioned the procedure employed by the appeals council in taking administrative notice of such studies.

Appellant further argues, however, that the evidence received by the referee, which did not include Dr. Bovill's report, provided substantial evidence in support of the referee's contrary finding and conclusion. Because of this, it is argued, the appeals council was bound by the decision of the referee and was without power to make its own appraisal of that evidence. Appellant further contends that even if the appeals council had authority to review the evidence de novo it was required to do so on the evidence which was before the referee and had no right "to go on a fishing expedition for evidence to controvert the record." The evidence challenged here is Dr. Bovill's medical report.

The authority of the Secretary to make findings of fact and decisions in cases of this kind [8] has been delegated to the appeals council, its members and referees, in accordance with applicable rules and regulations.[9] The applicable regulations empower the appeals council, among other things, to review on its own motion a referee's decision [10] and to render a decision thereon in writing containing findings of fact and a statement of reasons. 20 C.F.R. § 403.610(d) (2). The appeals council is accordingly not limited to the referee's appraisal of the evidence but may make its own appraisal thereof, to be evidenced by its own findings of fact.

The applicable regulations also provide that on such review the decision of the appeals council shall be based upon the evidence adduced at the hearing before the referee and such further evidence as the appeals council may receive, as pro-

---

8. Section 205(b) of the act, 42 U.S.C.A. § 405(b).

9. Section 8.20(b) of the statement of organization and delegation of authority of the Departmnet of Health, Education and Welfare, 22 Fed.Reg. 1045, 1051, as amended, 24 Fed.Reg. 6657.

10. 20 C.F.R. § 403. 710(b) (2) provides: "The Appeals Council may, in its discretion, decline a party's request for the review of a hearing examiner's [referee's] decision or the Bureau's revised determination, or the Council may, within 90 days from the date of mailing notice of such decision or revised determination, review such decision or revised determination on its own motion. Notice of the action by the Appeals Council in determining to review on its own motion or granting or declining a party's request for review shall be mailed to the parties at their last known addresses."

vided in paragraph (c) of regulation 403.710. 20 C.F.R. § 403.710(d) (2). Paragraph (c) (2) provides that evidence in addition to the evidence introduced at the hearing before the referee may not be presented "except where it appears to the Appeals Council that additional material evidence is available which may affect its decision."

Appellant argues that under this regulation additional evidence may not be received by the appeals council unless it was available at the time of noticing the review. Notice was given on May 18, 1959, which was prior to the time Dr. Bovill examined Graham and prepared his report which was the additional evidence introduced on review.

We do not so read the regulation. Available additional evidence is not therein limited to that available as of the date notice is given that the appeals council will review the referee's decision. Under that regulation it is sufficient if at any time prior to the actual review such evidence becomes available. Dr. Bovill's report was then available.

The regulation in question also requires that it appear to the appeals council that the additional evidence be of a kind which may affect its decision. But there is no requirement that a formal determination to that effect be made in advance of the presentation of such evidence. Where the appeals council on its own motion seeks the preparation and presentation of additional evidence it may be assumed that the council believed that such evidence might affect its decision.

It is also provided in 20 C.F.R. § 403.710(c) (2) that before additional evidence may be presented the parties must be notified and given a reasonable opportunity to present evidence which is relevant and material thereto. There is here no contention that the appeals council failed to comply with these provisions of the rule or that the rule fails to accord all procedural rights established by the Administrative Procedure Act, 5 U.S.C. A. § 1001 et seq.

Affirmed.