William A. HODGSON

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare.

No. 6958.

United States District Court
M. D. Pennsylvania.

July 12, 1961.

Joseph E. Gallagher, Scranton, Pa., for plaintiff.

Daniel H. Jenkins, U. S. Atty., Scranton, Pa., for defendant.

**JOHN W. MURPHY, Chief Judge.**

■ Petitioner seeks under § 205(g) of the Social Security Act as amended, 42 U.S.C.A. § 405(g) a review and reversal of a final decision of the Secretary of Health, Education and Welfare, denying his claim for establishment of a period of disability as defined in § 216(i) of the Act, 42 U.S.C.A. § 416(i), because of petitioner's failure to prove that he was unable to engage in any substantial gainful activity by reason of any medically determinable physical impairment. § 205(g) provides, "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *" Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776, 778. Such finality extends to inferences and conclusions drawn from the evidence. Adams v. Flemming, 2 Cir., 1960, 276 F.2d 901, 903.

■ Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126. The Administrator has the function of appraising conflicting and circumstantial evidence, the weight and credibility of the testimony. Ferenz v. Folsom, 3 Cir., 1956, 237 F.2d 46, at page 49.

■ This is not a trial de novo. Hobby v. Hodges, 10 Cir., 1954, 215 F.2d 754, 757.

■ If there is a reasonable basis in law and warrant in the record for the conclusion of the Administrator, the decision of the Secretary should be affirmed. Ferenz v. Folsom, supra Id., and see Memorandum Opinion, Maurer v. Folsom, April 8, 1960.

■ Claimant must be disabled not only for his usual work but also for any type of substantial gainful activity. See and cf. Pruitt v. Flemming, D.C.S.D. W.Va.1960, 182 F.Supp. 159, 163. Each case must be decided on its own facts.

Petitioner's application filed January 9, 1959, stated that he became unable to work on November 23, 1955, when as a laborer at the U. S. Hoffman Machinery Company plant in Scranton, Pennsylvania, he sustained a fractured right femur and was hospitalized until March 18, 1956. After the accident he used crutches for nine months and thereafter can walk only with the use of a cane.

In addition, petitioner stated he had a "rupture, prostatitis, arthritis both knees and hips, stiff knee due to right leg being ¾ of an inch shorter, two fingers on left hand numb". Going as far only as the sixth grade, petitioner always worked as a laborer with no special training or skill.

In passing we note that meanwhile petitioner was collecting a Veterans Administration pension, Workmen's Compensation, a substantial sum from the party responsible for the accident.

While he was in the United States Navy in 1945 petitioner was hospitalized for arthritis of the right upper and lower extremities and incipient prostatitis. In 1950 at a Veterans Administration hospital petitioner complained of pain and stiffness in multiple joints, particularly in his knees.

Treated again for prostatitis in 1954 petitioner was discharged from the Veterans Administration hospital to resume his usual activities. For some years petitioner has been much overweight and was advised from time to time to reduce. The condition remains the same. Recently petitioner sustained a ventral hernia about the size of a hen's egg. The condition is operable.

At the hearing on September 17, 1959, petitioner complained of pain and swelling in the right leg, knee and ankle, that he walks with a marked limp, that he tires after walking a short distance and cannot stand on the right leg for any length of time. Even then the right leg produces pain, sometimes even while sitting. An X-ray examination of petitioner by Dr. Joseph J. O'Brien for Dr. Raymond J. Garvey, March 1, 1957, revealed a well united fracture of the femur with some calcification, "fairly good position and alignment of the frag-

ments". January 1958 Dr. E. J. McGuire of Scranton reported that an examination showed a well healed fracture of the femur, "The position of the alignment of the fragments is very good". April 1958 and January 1959, and at the hearing in September 1959, Dr. Garvey stated petitioner was totally and permanently disabled due to the injury received; that the arthritis on both knees had become progressively worse since the injury. May 1957, June 1958 and April 1959 petitioner's claim of disability was rejected by the Social Security Administration on the ground that a fracture of the right femur with no evidence of complication did not meet the requisite test.

While agreeing that petitioner suffered a fracture of the right femur, that there was some shortening of the leg, that over the years petitioner has had some degree of arthritis and has suffered from time to time from prostatitis, the doctors differ as to the nature and extent of the disability.

Dr. Edward P. Swartz of Scranton, Pennsylvania, reported on May 31, 1958, "I believe that he could do light work which would not require him to walk or run, such as an occupation as an elevator operator or one in which walking is at a minimum."

March 1959 Dr. Elihu Friedmann of Scranton, Pennsylvania, reported petitioner "is totally disabled from doing heavy laboring work that would involve moving about on his feet efficiently. He is 51 years old and it would be very possible that he would know how, if he could be trained, to perform a sedentary job adequately. Perhaps some standing job could be accomplished if it didn't move him about too much."

■■ If Dr. Swartz and Dr. Friedmann are right petitioner has not been unable to engage in any substantial gainful activity by reason of any medically determinable physical impairment. A sedentary occupation such as recommended would be substantial and gainful. See Hallard v. Fleming, D.C.W.D.Ark.1958, 167 F.Supp. 205, 208, 209; Liles v. Fleming, D.C.N.D.Cal.1959, 176 F.Supp. 303, 305.

This is a hard case. There is substantial evidence in the record supporting the findings of the Administrator. We have no alternative but to affirm.

Order.

Now, this 12th day of July, 1961, for the reasons outlined in a memorandum opinion filed this date, defendant's motion for summary judgment is granted.