Ruth E. JONES, by Ruth M. Jones, her
mother, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare,
Defendant.

Civ. No. 480.

United States District Court
W. D. North Carolina,
Statesville Division.

Nov. 9, 1964.

Kenneth D. Thomas, Hickory, N. C.,
for plaintiff.

William Medford, U. S. Atty., Asheville, N. C., and Joseph R. Cruciani, Asst.
U. S. Atty., Charlotte, N. C., for defendant.

CRAVEN, Chief Judge.

This action is brought by Ruth M. Jones, the mother of claimant Ruth E. Jones, to review a final decision by the Secretary of Health, Education and Welfare denying claimant's application for child's insurance benefits. The benefits were denied claimant on the grounds that she was not under a disability *as of age eighteen* as defined in Section 223(c) of the Social Security Act as amended (42 U.S.C.A. § 423(c)).

Section 202(d) of the Act (42 U.S.C.A. § 402(d)), under which claimant proceeds, provides for payment of benefits to the unmarried dependent child of an individual entitled to old-age insurance benefits, if such child is under a disability as defined in Section 223(c), which began before she attained the age of eighteen. The Hearing Examiner concluded that claimant was not under such a disability, and, therefore, was not entitled to the benefits. The denial by the Appeals Council of claimant's request for review left standing as final the Hearing Examiner's decision. That decision is now reversed.

The claimant is forty-eight years of age, unmarried, and lives with her mother. She is of small stature, weighs about seventy-seven pounds, and has an intelligence quotient of seventy-four and a mental age of eleven years ten months.

She was born with a diagnosis of microcephafus (abnormally small head). An examining psychologist reported that although claimant's I.Q. indicated that she wasn't definitely mentally defective, it did indicate that she was extremely backward mentally and in the group often referred to as borderline.

Her childhood history affirms that claimant was physically frail, requiring a doctor's care a great deal of the time.[1]

Claimant herself testified that she always had trouble in school due to her nervous condition, her inability to sleep, and susceptibility to fatigue. She also testified that she felt herself unable to hold a job for any length of time because of nerves. She has never been employed full time in any profession or industry.[2] That she is willing to work, however, is evidenced by her application having been filed at the employment office. But she was told by the employment office officials that she was not big enough to do certain types of work, and that they were *never* able to find employment for her.

The psychologist who examined the claimant concluded that theoretically she has enough intelligence to be taught an occupation and to be self-supporting. But the Social Security Act was not designed to operate on a theoretical basis. "There should be a finding that reasonable opportunities exist for a particular claimant to engage in substantial gainful employment. A mere theoretical ability to do so is not enough if no reasonable opportunity for such employment is available." Secoolish v. Celebrezze, 216 F. Supp. 935 (D.C.N.J.1963); Accord, Hodgson, v. Celebrezze, 312 F.2d 260 (3rd Cir. 1963).

It may be true that claimant's impairments considered separately would not entitle her to child's insurance benefits, but considered in combination, as they must be, it is clear that she was and is under a disability as defined in Section 223(c) of the Act. The record as a whole does not support the decision of the Hearing Examiner.

The Hearing Examiner's decision is reversed. Defendant's motion for summary judgment is dismissed, and it will be ordered that child's insurance benefits be awarded to claimant.

---

1. *Not* before the Examiner was a letter from claimant's brother, a minister, in which he stated that as a child she was always very frail; that she was hit by a car when five years of age due to poor eyesight; that she was unable to finish high school; that she had almost no vision in one eye; and that she was always nervous and even as a child her hands would shake.

2. The claimant related that the only work she has done, other than in connection with the tourist home, was soliciting by telephone for a total period of less than two weeks, and making collections for a short time.