Martin BRAAKSMA, Plaintiff,

v.

Anthony CELEBREZZE, Secretary of Department of Health, Education and Welfare, Defendant.

No. 64–1409.

United States District Court
S. D. California,
Central Division.

Sept. 22, 1965.

---

Moore & Tarlow, by Mervin I. Tarlow, Gardena, Cal., for plaintiff.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., and Carolyn M. Frlan, Asst. U. S. Atty., for Secretary of Department of Health, Education and Welfare.

CRARY, District Judge.

This action is before the court pursuant to Section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405 (g), to obtain judicial review of the final administrative decision of the Secretary of Health, Education and Welfare denying plaintiff Martin Braaksma's claim for old-age insurance benefits under § 202(a) of the Act, 42 U.S.C. § 402(a).

■ The defendant having filed a motion for summary judgment, the question to be determined by this court is whether the transcript of the record contains substantial evidence to support the findings of the Secretary. Rials v. Ribicoff, 207 F.Supp. 904, 905 [D.C. Ky.1962].

The Hearing Examiner's decision of July 14, 1964, which became the final administrative decision of the Secretary on plaintiff's claim, when the Appeals Council of the Social Security Administration denied plaintiff's request for review, found "that certain remuneration for the years 1961 through 1963 did not constitute self-employment income and that, as a consequence, he (the plaintiff) did not have the insured status needed for entitlement to old-age insurance benefits."

Section 211 of the Act, 42 U.S.C. § 411, provides, in part:

"(a) The term 'net earnings from self-employment' means the gross income, as computed under chapter 1 of Title 26, derived by an individual from any trade or business carried on by such individual, less the deductions allowed under such chapter which are attributable to such trade or business * * * except that in computing such gross income and deductions * * *.

"(1) There shall be excluded rentals from real estate and from personal property leased with the real estate (including such rentals paid in crop shares), together with the deductions attributable thereto, unless such rentals are received in the course of a trade or business as a real estate dealer * * *.

* * * * * *

"(3) There shall be excluded any gain or loss (A) which is considered under chapter 1 of Title 26 as gain or loss from the sale or exchange of a capital asset * * * or (C) from the sale, exchange, involuntary conversion, or other disposition of property if such property is neither (i) stock in trade or other property of a kind which would properly be includible in inventory if on hand at the close of the taxable year, nor (ii) property held primarily for sale to customers in the ordinary course of the trade or business;

* * * * * *

"(b) The term 'self-employment income' means the net earnings from self-employment derived by an individual (other than a non-resident alien individual) during any taxable year beginning after 1950 * * *.

* * * * * *

"(c) The term 'trade or business', when used with reference to self-employment income or net earnings from self-employment, shall have the same meaning as when used in section 23 of Title 26, * * *."

In determining the meaning of the term "trade or business" it should be noted, although Section 211(c) refers to Section 23 of the Internal Revenue Code of 1939 (26 U.S.C. § 23), that in accordance with Section 7852(b) of the Internal Revenue Code of 1954 [26 U.S.C. § 7852(b)] Section 211(c) is deemed to refer to Section 162 of the 1954 Code (26 U.S.C. § 162). McDowell v. Ribicoff, 292 F.2d 174 at 176 (footnote 2) 3 C.A. 1961. Section 162(a) of said Code provides, in part:

"There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *."

■ Thus, to conclude that plaintiff was in a "trade or business" it must appear that he would have been allowed to deduct all the ordinary and necessary expenses paid or incurred in the taxable years 1961 through 1963 in carrying on the activities on which plaintiff bases his claim. McDowell v. Ribicoff, supra, at 176.

■ As the court in the McDowell case states at page 176–177, the Internal Revenue Code does not define the phrase "trade or business" and no court has formulated an explicit definition. The determination of what activities constitute carrying on a "trade or business" is dependent upon the facts of each case. The court in the McDowell case, supra, states at page 178:

"The phrase 'trade or business' connotes something more than an act or course of activity engaged in for profit. * * * The phrase 'trade or business' must refer not merely to Acts engaged in for profit, but to extensive activity over a substantial period of time during which the Taxpayer holds himself out as selling goods or services."

Section 405(g), U.S.C. Title 42, provides in part:

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *."

Reference the meaning of "substantial evidence", see Blanscet v. Ribicoff, (D.C.Ark., 1962) 201 F.Supp. 257 at page 260, where the court holds that "substantial evidence" is more than a mere scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Citing and quoting from Aaron v. Flemming, 168 F.Supp. 291 (N.D.Ala., 1958), Corn v. Flemming, 184 F.Supp. 490 (S.D. Fla.1960), and Harrison v. Flemming, D.C.E.D.Ark., Docket No. L.R. 60–C–101, no opinion for publication. See also Snelling v. Ribicoff, 198 F.Supp. 432 at 436 (D.C.S.C., 1961), and Hodgson v. Flemming, 196 F.Supp. 659 (D.C.Pa., 1961).

■ It is also to be noted as stated by then District Judge Kaufman in Stevenson v. Flemming, 200 F.Supp. 705 (S. D.N.Y., Oct., 1960); Affm'd, 2 Cir., 297 F.2d, 811 at 812.

"The reviewing court is not free to substitute any inferences it may draw from the facts for those made by the administrative body entrusted with the enforcement of the statute, provided that this administrative determination was based upon substantial evidence in the record."

The factual question determined by the Examiner in the instant matter was whether the plaintiff received self-employment income (SEI) during the years 1961–63, inclusive, so as to qualify for insured status during that period.

Prior to 1961, plaintiff owned at least two houses on Bonsallo Street, Los Angeles, which he had been renting since 1953 or 1954 [R. 29, 32–33]. In 1961 plaintiff purchased a lot at 341 West 120th Street, Los Angeles, [R. 27] on which he built a house, completed in August, 1962. He rented the house from August, 1962, to January, 1963, at which time he sold same [R. 28–29].

In December, 1962, plaintiff purchased a second lot at 800 West 126th Street, Los Angeles, on which he started to build a house in January, 1963, completed and sold in August, 1963 [R. 28, 25 and 27].

Plaintiff, in Schedule C of his 1961 income tax return [R. 62], reported receipts from the 120th Street house in the amount of $1,020.00 from which he deducted as cost of materials $240.00, leaving a net profit of $780.00.

His tax return for 1962 [R. 68] reported net profit of $950.00 from the same property. This return was later amended [R. 73] to show net profit of $2,065.-00 following the sale of the said 120th Street property, which, as noted above, was sold in January, 1963, [R. 28].

Plaintiff's 1963 return [R. 76] reported net profit from the sale of the

126th Street house, which occurred in August, 1963, in the sum of $2,214.00.

It is the above "net profit" figures for the years 1961–63 which plaintiff contends constitute his self-employment income for those years [R. 40].

On October 31, 1963, plaintiff stated to a Department investigator:

"When I retired from the Post Office in 1960 I started building houses. So far I have built three houses. I rent these houses and collect the rents for myself.

I do not have a license to build. I am not a contractor. I do not advertise, nor do I hold myself out as a builder. The houses I build for myself are for investment purposes." [Ex. 10, R. 79–80.]

By letter dated April 7, 1964, [R. 14] plaintiff denied the truth of those statements. Other statements to Department investigators Hanley and Olds appear as Exhibits 11, 12 and 14, pages 81–89 of the Record.,

In his statements to the Examiner on June 24, 1964, plaintiff said that he was not in the business of buying and selling but in the business of building and selling [R. 38]. At page 33 of the Record, plaintiff said that after retirement from the Post Office he decided to go into speculative building.

Hearing Examiner Cooper found that the claimant had only six quarters of coverage accumulated in 1937–39 and that he was not engaged in a trade or business in the years 1961–63 and did not receive self-employment income within the meaning of the statute during those years so as to qualify him for old-age insurance benefits. As noted above, in addition to plaintiff's statement of October 31, 1963, as reported in Exhibit 10 [R. 79], plaintiff made a statement to investigator C. Hanley on November 4, 1963, [Ex. 12, R. 83] re the building of the houses here involved for rental purposes. The findings of the Examiner [R. 9] are also supported by statements of the plaintiff to investigator L. Olds as evidenced by reported interviews by said Olds dated February 19, 1964, [Ex. 14, R. 85–86] and February 27, 1964 [Ex. 15, R. 87–89].

In evaluating the evidence, Examiner Cooper gives more consideration to the evidence submitted by plaintiff, his statements, and so forth, prior to the time he refers to plaintiff as becoming "sophisticated" [R. 9]. In this connection, plaintiff stated, at pages R. 39–40 of the Record:

"I don't see how you can decide it any other way because I have spent many hours in the library seeing what grounds they have for denying it and I can't find no grounds, anywhere in the law and in the law library. You know, some libraries they don't have any information in the law library. They have so many books and it's pretty hard to find the book that contains the information you want but I've looked through books, volume after volume, and I can find no grounds for their contention."

The evidence, both oral and documentary, offered in support of plaintiff's claim is not clear and convincing and the plaintiff's statements at the hearing on June 24, 1964, are not consistent with his statements to the investigators Hanley and Olds prior thereto.

The Court of Appeals in Celebrezze v. Zimmerman, 339 F.2d 496, 497 (5 C.A. 1964), referring to the credibility of contrary testimony, says:

"Such credibility findings are, of course, for the Secretary and not for the trial court."

It appears that the plaintiff at times had owned houses which he rented, other than the two houses he built during 1961–63. He did not perform services to his tenants in any period here involved other than maintenance and repair of the properties "for occupancy only." [R. 29–30] For this reason he would have no SEI during the critical period from rentals which might qualify him for the required status. Delno v. Celebrezze, 347 F.2d 159 (9 C.A.1965).

Plaintiff has also filed a motion for summary judgment and supports same by his points and authorities in opposition to defendant's motion for summary judgment. There does not appear to be any controversy as to the law to be applied, but its application to the facts involved is in serious contention.

Throughout the discussion it is important to keep in mind that it is plaintiff's position he is entitled to coverage as to Social Security benefits by reason of self-employment income during the years involved.

Net earnings from self-employment are gross income derived by an individual from a trade or business carried on by him, less allowable deductions. 42 U.S.C. § 411(a).

If plaintiff's houses were built or purchased for rental and rented as indicated in the record, although the two in question were sold on a profitable sale presenting itself, the fact the plaintiff made a tax return to indicate self-employment income by way of profit from trade or business would not be determinative of the question of whether plaintiff's activities did constitute trade or business in the circumstances. Obviously, as indicated by his income tax returns, the plaintiff had in mind in 1961, 1962 and 1963, trying to qualify for Social Security benefits. [Ex. 7, R. 57, 61 and 62, Ex. 8, R. 64, 68–70, 73–75, and Ex. 9, R. 76–78.] However, in 1963 we find plaintiff stating to the investigators that he built the houses in question for rental. [Ex. 10, 11, 12 and 14.] Although he did sell two houses, one after renting it for some five or six months, that fact does not appear to obviate the finding of the Examiner that he was not in the real estate business.

If plaintiff was in the trade or business of "building and selling" the record does not indicate that any profits resulted from such business in 1961 or 1962 since no sales were made in those years, both houses involved having been sold in 1963. It is noted that plaintiff filed an amendment to Schedule C of his 1962 return, which amendment does not bear a date and which appears to show profit from the sale of one of the two houses involved in 1962. However, it is clear from the record that the sale of the house on 120th Street was not in 1962 but in 1963. [R. 28.]

Alleged profits from business in 1961 and 1962 are entered on page one of plaintiff's tax returns for those years as wages, salaries, and so forth. [Ex. 7, R. 57, Ex. 8, R.–64.] These figures he takes from his Schedule C for those years. Under item 6, "Business income," page one of the 1961 and 1962 returns [R. 57 and 64] no sum is entered.

 The court concludes that the findings of the Secretary as to facts as noted above are supported by substantial evidence, and for the reasons as noted above, the plaintiff's motion for summary judgment is denied and the defendant's motion for summary judgment is granted. Plaintiff may have five days from the date of this Memorandum Opinion within which to file objections and proposed amendments to Findings of Fact, Conclusions of Law and Judgment, heretofore lodged by the defendant.

This Memorandum shall not be deemed a final judgment.