**George AMES, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 68–943.**

United States District Court
C. D. California.

April 16, 1969.

Kenneth E. Goodin, of Levin, Oliker & Ballin, Studio City, Cal., for plaintiff.

Wm. Matthew Byrne, Jr., U. S. Atty. for Central Dist. of Cal., by Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Div., and James Stotter II, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## OPINION

THURMOND CLARKE, Chief Judge.

Plaintiff brings this action for review of a decision of the Appeals Council of the Social Security Administration, denying his application for old age insurance benefits.

Plaintiff has been credited with seven quarters of coverage under the Social Security Act; he needs a total of 10 quarters to qualify for benefits. At issue is the question whether $3,500 reported as earnings for 1964 constituted income for personal services rendered, thus furnishing plaintiff the requisite additional quarters of covered employment.

The Government contends the sum was not derived from personal services, but represented a return of capital.

George Ames and his former wife, Louisa Ames, each owned a one-fourth interest in 71 subdivided lots. The remaining one-half interest was owned by one Frank M. Flint. These three persons, as partners, decided in 1963 to have five houses built on the property, and to offer the entire group of lots for sale.

Plaintiff, who had been trained in architectural drafting, prepared the house plans. In addition, he acted as prime contractor and as a salesman. The partnership sold 50 lots during 1964 and 1965. It compensated plaintiff for services rendered during 1964 in the amount of $3,500. Plaintiff reported this amount as self-employment income on his 1964 income tax return.

George and Louisa Ames filed a 1964 U. S. Partnership Return of Income showing a net loss of $11,882.08. The return includes transactions to which Flint was not a party. The $3,500 paid to plaintiff is reflected as a partnership expense.

The Ames-Ames-Flint partnership did not file a return for 1964. Its 1965 return shows a profit of $72.

Plaintiff argues that while the partnership composed of himself, Mrs. Ames, and Flint, was disposing of investment property, plaintiff's own services were rendered either in the course of self-employment or as an employee of the partnership, and compensation therefor constituted ordinary income.

For purposes of the Social Security Act, "net earnings from self-employ-

ment" include an individual's distributive share of ordinary net income or loss from any trade or business carried on by a partnership of which it is a member, excluding, *inter alia*, any gain or loss which is considered under Chapter 1 of the Internal Revenue Code as gain or loss from the sale of a capital asset. [42 U.S.C. § 411(a) (3).]

Plaintiff relies on the case of Delno v. Celebrezze, 347 F.2d 159 (9th Cir.1965), wherein the co-owner of an apartment house sought to qualify for benefits on the basis of self-employment income. The court in that case drew a distinction between services performed *for maintenance of the property* and work performed *for the tenants*. The latter constitutes self-employment for Social Security purposes; the former does not. Carrying the rationale of that case one step further, it is evident the excluded services were performed for the property owners, of whom Delno was one; the covered services were performed for third persons. Cf. Braaksma v. Celebrezze, 246 F.Supp. 767 (S.D.Cal.1965); Folsom v. Poteet, 235 F.2d 937 (9th Cir.1956).

In the instant case, plaintiff performed services to aid the partnership in disposing of realty; he did not render services for the purchasers nor for other third persons.

■ There is nothing in the record which would indicate that either partnership had substantial earnings during 1964. Plaintiff, as a partner, may not qualify under the Social Security Act by paying himself a salary from a business which had little or no income. Cf. Kossman v. Folsom, 157 F.Supp. 157 (E.D.N.Y.1957), *aff'd sub nom.* Kossman v. Flemming, 261 F.2d 833 (2d Cir.1959).

■ The court finds that for purposes of the Social Security Act Ames' 1964 income did not constitute self-employment income nor compensation received as an employee of a partnership. The decision of the Appeals Council must be affirmed.