Elmery **BASKIN**, Plaintiff,

v.

Anthony J. **CELEBREZZE**, Secretary, Department of Health, Education and Welfare, Defendant.

Civ. A. No. 4542.

United States District Court
W. D. Michigan, S. D.

June 26, 1964.

Mitts, Smith & Haughey, Grand Rapids, Mich., James E. Gould, Grand Rapids, Mich., of counsel, for plaintiff.

George E. Hill, Dist. Atty., Robert G. Quinn, Jr., Asst. Dist. Atty., Grand Rapids, Mich., for defendant.

FOX, District Judge.

Plaintiff seeks review of the final decision of the Secretary of Health, Education and Welfare, which denied the plaintiff's application for disability benefits and to establish a period of disability. 42 U.S.C.A. § 405(g).

On February 17, 1961, plaintiff was notified by the Bureau of Old Age and Survivors Insurance that his application had been denied on the grounds that his condition was not "disabling." On March 28, 1961, he sought reconsideration; on October 28, 1961, he was informed that the denial was affirmed.

On March 27, 1962, claimant requested a hearing before a hearing examiner. The hearing was held on September 26, 1962, before Examiner Joseph P. Sitek. By his opinion dated December 19, 1962, the hearing examiner denied the plaintiff's claim. A request for review of this decision was filed February 12, 1963, and denied April 23, 1963. The present action was filed June 11, 1963.

As stated by the hearing examiner, the issue before the examiner relating to the claimed disability depended upon "findings as to whether * * * the claimant was under a disability in that he was unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *." (Tr. P. 22.)

For purposes of this opinion, the medical evidence may be summarized from the opinion of the hearing examiner filed December 19, 1962.

The medical evidence indicates that on or about March 19, 1947, the claimant suffered an injury to his back when he slipped and twisted his back while loading a heavy piece of metal on a truck. (Tr. P. 22.)

By letter dated October 26, 1960, Dr. Denham, a specialist in surgery, notified the Bureau of Old-Age and Survivors Insurance that claimant first came to his office March 21, 1947, complaining of a pain in his right flank, and that at that time no diagnosis was made. The pain then seemed to go into claimant's back, but always was around the right side. Investigation showed no involvement of the genito-urinary apparatus. Dr. Denham was not further concerned with claimant until claimant was referred to him in 1953. At that time it was discovered that claimant had some blood dyscrasia and he was referred to Dr. Carl Beeman, who had attended claimant in Blodgett Hospital in July of 1953. (Tr. P. 23.)

Dr. Beeman's opinion was that claimant was suffering from leukemia. (Tr. P. 23.)

There is little other concrete medical evidence between the incident in 1947, and 1953, when the claimant was treated for leukemia. However, during March of 1953, claimant's condition weakened and he went to an osteopathic hospital, where he was treated for low blood count and too many white cells. (Tr. P. 24.) During this time claimant was treated by Dr. Emery. When released from the hospital, claimant was referred to other doctors. (Tr. P. 24.)

Physical examination in 1953 showed sharp pain over the iliac crest on right leg raising. There was left cardiovascular tenderness; spine tenderness in the area of L5–S4. An x-ray taken July 9, 1953 showed essentially normal lumbosacral spine, except for spina bifida of the 1st sacral segment. At that time there appeared to be little evidence of significant back pathology. (Tr. P. 24.)

Dr. Emery filed a report dated October 10, 1960. The doctor's diagnoses in this report were: ruptured disc between the 3rd and 4th lumbar vertebrae; degenerated disc between the 4th and 5th; and myelogenous leukemia. Claimant was told to perform no heavy work. (Tr. P. 24.)

A report was filed October 14, 1960 by Dr. Monger, D.O., which relates further medical evidence. It is identical to Dr. Emery's in that it finds a ruptured disc between the 3rd and 4th lumbar.

Dr. M. E. Ellis, M.D., examined claimant on November 16, 1960. Aside from other medical findings, this doctor reported that there was no limitation to back bending forward, backward, or sideward. Leg raising was normal. The doctor's final impressions were that claimant was suffering from leukemia, pulmonary insufficiency, enlarged spleen and liver, and excessive weight. The doctor suggested exercises for the low back condition. (Tr. P. 26.)

The hearing examiner summarized his medical findings and narrowed the inquiry on Page 8 of his opinion, as follows:

"From the foregoing it appears that the principal impairments of the claimant requiring evaluation for disability purposes relate to his blood condition and to his back. The evidence indicates that claimant has a history of a form of leukemia which had its onset at the latest in 1948 but that this condition has been kept well under control for many years and does not of itself comprise a condition precluding claimant from engaging in any substantial gainful activity. As for claimant's back condition, the medical evidence indicates that this too troubles claimant only when he engages in strenuous activities such as those mentioned by his doctor, i. e., moving davenports, changing tires, and so on. The Hearing Examiner noted at the hearing that the claimant was a youthful-appearing, good-humored, well developed, and well-nourished individual, who did not seem to be in pain or discomfort. He appeared to be well oriented in all three spheres; no wheezing was noted, and what cough there was, was quite minimal. In short, no pulmonary insufficiency was noted and even his doctor felt impelled to remark that claimant 'looks like a pretty healthy individual,' although he then added, 'but he is really subject to respiratory infections.' *The sole remaining question, therefore,* *is to what extent, if any, claimant can engage in any substantial gainful activity.* It is well settled law that the burden of proving that he cannot engage in any substantial gainful activity is upon the claimant." (Tr. P. 28.) (Emphasis supplied.)

The hearing examiner made the following further pertinent comments:

"There is no question as to his impairments but it must be noted that even his own physician not only testified that claimant could perform light work which would not require too much standing, but that claimant has severe pain only when he engages in some arduous activity, and that even in those cases a mild analgesic is sufficient to bring the pain under control." (Tr. P. 29.)

" * * * the hearing examiner notes that the claimant is a relatively young man and that the medical evidence does not indicate that his impairments have become so severe that he would be unable to engage in substantial gainful activity of a nonstrenuous nature and that, therefore, he should be relegated to the vocational scrap heap. Granting that claimant's last employment would not be suitable for an individual in claimant's overall physical condition, there is certainly no reason why his physical impairment would prevent him from engaging in lighter types of unskilled labor." (Tr. P. 29.)

The hearing examiner then stated his conclusions:

"Therefore, for the reasons hereinbefore stated, the Hearing Examiner finds that the preponderance of all the evidence before him establishes that the claimant is able to engage in some form of substantial gainful activity for which he is fitted by his relative youth, vocational background, personality, and experience, and that he is not under a 'disability' within the meaning and

intent of the Social Security Act * * *." (Tr. P. 30.)

It appears from the opinion of the hearing examiner that the only issue before this court is whether or not the claimant has established the degree of disability required for the allowance of insurance benefits.

No one contends that claimant can now pursue his most recent trade as a foundry worker. Claimant is a married man, forty-five years old, with a seventh grade education. He has had varied work experience, although none of his experience was of an extended nature. He has worked at farming, as a tractor driver, as a laborer in a brick yard and fertilizer plant, has recapped automobile tires, checked railroad freight, operated a service truck for B. F. Goodrich, and worked as a salesman of tires and accessories, although there is a substantial conflict as to the scope of this experience. (Tr. P. 26.)

During the workman's compensation hearing held involving this same claimant, he was questioned concerning his attempts to secure specific types of jobs, and claimant indicated that he felt he was capable of doing work such as night watchman, chauffeur, and other light work. While claimant did not pursue these specific jobs, he did register with the United States Employment Service. He was informed that he would be notified when suitable work was available; the claimant has received no word relating to any such employment. (Tr. Pgs. 474–477, 484–485.)

■ The scope of review by this District Court of the decision of the hearing examiner, is limited to the transcript of the record upon which the examiner made his findings and decision. The findings of fact made by the Secretary through the examiner are conclusive if supported by substantial evidence. 42 U.S.C.A. § 405(g).

Where the only issue is that of the degree of disability, determination of claimant's capabilities and availability of job opportunities must be made. Roberson v. Ribicoff, 299 F.2d 761 (CCA6, 1962); Kerner v. Flemming, 283 F.2d 916 (CCA 2, 1960.)

■ The hearing examiner concluded that claimant was capable of doing light work. His conclusion was based heavily on the fact that claimant had done some recent sales work. The experience in this employment alone is not substantial evidence to support a finding that claimant is qualified to do certain types of similar light work. All of the claimant's various experiences, whether they involved work of a light nature, or a strenuous nature, must be taken into account in order to determine the capability of this particular person.

Shortly after his injury at the foundry in 1947, claimant was given light work at the same foundry. Claimant was returned to his original job, but had to quit due to complaints about his back.

In 1948, claimant worked for Goodyear Rubber in sales; he also had to recap, fix and change tires. The short duration of this job is evidenced by his total earnings of $75.60.

His subsequent sales experience at B. F. Goodrich was not of long duration. There is evidence to the effect that his primary function at this job was installation of tires—manual labor—and that what little sales work he did was ancillary to the physical labor.

All the evidence points to a conclusion that claimant must primarily depend upon his physical strength for substantial, gainful activity. There is little, insubstantial evidence, to support a conclusion that he is capable of *actually* performing nonstrenuous work on a permanent basis.

"The act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has."

(Quoted in Randall v. Flemming, 192 F. Supp. 111 (D.C.W.D.Mich., 1961) from

Klimaszewski v. Flemming, 176 F.Supp. 927, at 931, 932 (D.C.D.Neb.)

The regulations in effect during the proceedings before the Secretary in this case, 20 CFR § 404.1501(b), provide as follows:

"In determining whether an individual's impairment makes him unable to engage in such activity, primary consideration is given to the severity of his impairment. Consideration is also given to such other factors as the individual's education, training and work experience."

The following language quoted in the Randall case, supra, is also pertinent to this case:

"It may then be inquired: What other work is available for this claimant? The Appeals Council was not specific here, but merely adjudged that his condition did not preclude the claimant from engaging in any substantial gainful activity. It is obvious that with his limited education, * * * the claimant is ill-suited for any clerical job. His earning power is limited by his strength and physical fitness. * * * Of course, it may be conceded that with the use of great imagination and even greater ingenuity, conceivably a paying job might be found for Klimaszewski. The court, however, can presently perceive none and the Social Security Administration has not suggested any work for Klimaszewski except as a night watchman, or as stated in the Administration's brief, 'bench work' or some other 'employment in a light manufacturing plant.' * * *

" * * *

" * * * The statute must be given a reasonable interpretation. It is a remedial statute and must be construed liberally. It was not the intention of Congress to impose a test so severe as that required by the Secretary and to exact as a condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment." At page 121 of 192 F.Supp.

" 'Any substantial gainful activity' is such activity for which the particular claimant is reasonably qualified by education, training, or skill." Randall v. Flemming, supra, at 122 of 192 F.Supp., quoting from Dunn v. Folsom, 166 F.Supp. 44, 48 (D.C.E.D.S.C.)

In Jones v. Celebrezze, 321 F.2d 192 (CCA6, 1963), it was stated:

" * * * it is not the burden of the claimant to introduce evidence which negatives every imaginable job open to men with his impairment, and of his age, experience and education. It is quite enough if he offers evidence of what he has done, of his inability to do that kind of work any longer, and, of his lack of particular experience for any other type of job. *If there are other kinds of work which are available and for which the claimant is suited, it is the defendant's burden to adduce some evidence from which a finding can be made that he can do some type work; actually, not apparently * * *.*" At Page 198.

This court construes this to mean that the defendant must have before him some evidence that work fit for this claimant is available; and that this claimant can actually do that which is available. It is conceded that manual labor is not available for this claimant in his present condition. We find no evidence that any form of light work is actually available to this claimant. The type of injury to the back involved, complicated by the blood condition, forces this court to conclude that the work claimed available by the defendant is not actually or practically available.

This court finds that the defendant has failed to carry the burden to show that claimant was able to perform some kind of substantial gainful activity. Claimant is entitled to disability benefits; the Sec-

retary is reversed. Randall v. Flemming, supra; Jones v. Celebrezze, supra; Rice v. Celebrezze, 315 F.2d 7 (CCA 6). An order will be entered in accordance with this opinion.