Brulee WILEY, Plaintiff,

v.

Anthony J. CELEBREZZE, United States Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 4812.

United States District Court
W. D. Michigan, S. D.

Aug. 24, 1965.

Marcus, McCroskey, Libner, Reamon, Williams & Dilley, Grand Rapids, Mich., Paul A. Williams, Grand Rapids, Mich., of counsel, for plaintiff.

Harold D. Beaton, U. S. Atty., by Robert G. Quinn, Jr., Asst. Dist. Atty., Grand Rapids, Mich., for defendant.

FOX, District Judge.

Claimant in this case is a fifty-four year old laborer, who in March 1959 suffered an injury originally diagnosed as contusions and fractures in the area of the ribs. In July of 1963, he filed a claim with the Department of Health, Education and Welfare seeking a determination of disability and disability payments therefor. His earnings requirements for disability purposes extend until December 31, 1963, and therefore, it is that date which is the terminal point for any decision as to his disability.

The Hearing Examiner, in a decision rendered April 28, 1964, held that plaintiff's impairments were not of such a nature to justify a finding of disability and, therefore, denied the claim.

The factors relied upon most heavily by the Hearing Examiner were three: (1) that during the period between the initial injury and the time of hearing, claimant had engaged in work of various kinds; the Examiner considered this as evidence of lack of disability; (2) the examining doctors felt that surgery might have a salutary effect, but claimant refused to undergo such surgery; and (3) jobs in the nature of "light work" were available to claimant in the Grand Rapids area, and therefore, whatever disability claimant was under was not suffi-

cient to qualify him for disability benefits.

An examination of the records of the examining doctors indicates beyond a serious doubt that claimant has an ailment of the back diagnosed as a ruptured intervertebral disc. Pain from this has caused plaintiff to take pain killers regularly, and he wears a corrective brace.

Dr. Robert Raimon, who examined claimant immediately after the March 1959 accident, did not note any back pains at that time. Subsequent visits to other examining doctors in 1961, 1962 and 1963, however, clearly establish the existence of the back ailment complained of.

On examination of the record in this case, and with the consideration of the applicable law in this area, it is the decision of this court that the Hearing Examiner erred in refusing disability benefits, and that decision is reversed upon a finding by this court that plaintiff is in fact disabled from substantial gainful employment within the meaning of the Social Security Act.

Consideration of the Hearing Examiner's first basis for denial of disability benefits—that is, that he engaged in work of various kinds following the date of the accident, reveals that the extent of the work and the conditions under which it was performed do not substantiate the Examiner's conclusions from those facts.

It is true that from September to November of 1960 claimant did receive substantial earnings; however, the record reveals that these earnings were secured through a driver of plaintiff's truck. Plaintiff had hired a driver to do the work for him and split the proceeds with the driver. Therefore, during that period, plaintiff in fact, contrary to the findings of the Hearing Examiner, did not engage in activity which could be classified as work for the purpose of this decision.

In 1961, plaintiff did drive a truck for a period of a few months, for approximately three days a week. However, he was forced to quit this job when the pain became too great for him to continue in this sort of activity.

In February of 1962, plaintiff received a settlement from the Workmen's Compensation Department of the State of Michigan in connection with the above injuries and used that sum to attempt to open and maintain a gasoline service station. He was unable to do more than pump gas for short periods of time and he had to hire a helper to run the station, and a man to keep his books. Evidently because of his inability to closely supervise the operation, thefts from the cash register drove him out of this business and he has not worked since.

The Hearing Examiner found evidence from these facts that plaintiff was capable of substantial gainful employment.

The cases of Flemming v. Booker, 5 Cir., 283 F.2d 321, and Hicks v. Flemming, 5 Cir., 302 F.2d 470, effectively refute this finding on the part of the Hearing Examiner.

██ The fact that a man has attempted to find and hold employment after the onset of what is subsequently found to be a disabling impairment, should not preclude recovery of disability benefits; for to do so would be to penalize one for making an honest attempt to return to work. To point to this work as evidence of lack of disability, under circumstances such as these, would be to discourage precisely what the Department of Health, Education and Welfare encourages: a return to work. For, under the rationale of this decision, one attempting to return to work *ipso facto* seriously jeopardizes a later determination of disability.

Furthermore, a far more logical inference than ability to work may be drawn from a simple, but eloquent statement of plaintiff in the record of this case. A claims representative of the Department of Health, Education and Welfare found plaintiff to be cooperative and cheerful. When asked about jobs held during 1960 and 1961 by the Hearing Examiner, plaintiff answered as follows:

" * * * I don't know how you feel about it, excuse me for saying

this, I wanta say this to you. I had two little boys, we were hungry. Now if I had to crawl to do something, I'd try to crawl to keep them from getting hungry, so we had nothing to eat and had to be something done some way or another. I worked all day and stayed up all night. I did that—I couldn't sleep." (Tr. p. 54)

■ Pain and discomfort are factors which must also be considered in reaching a determination of disability. Drafts v. Celebrezze, D.C., 240 F.Supp. 535.

■ The fact that an operation may afford some relief to claimant is also relied upon by the Hearing Examiner. However, the nature of the operation required and the prospects for success are such that this court, following the excellent opinion of Martin v. Ribicoff, D.C., 195 F.Supp. 761, dealing with the same ailment involved in this case, will not require claimant to undergo an operation of the severity of this one in order to establish disability.

In the recent Sixth Circuit Court of Appeals decision in Henninger v. Celebrezze, Aug. 11, 1965. 349 F.2d 808, Senior Circuit Judge McAllister made the observation that since the late President Kennedy's experience with spinal fusion operations, there was a greater awareness of the pain and danger involved in spinal operations. None of the examining doctors in this case were specific about the chances for success. The one who did venture such an opinion stated that such chances were around 50/50.

This court certainly will not require claimant to submit to such odds under the facts of this case in order to establish more firmly the nature of his disability.

The final factor relied upon by the Hearing Examiner was the availability of jobs of the type which could be performed by claimant with his existing impairment. The Hearing Examiner notes that plaintiff's counsel at the hearing stated on the record that there were jobs available in the Grand Rapids area involving light assembly of small mechanical devices which could be performed by a man of claimant's abilities. However, plaintiff's counsel further noted, and the court observes the truth of this statement, that as a practical matter anyone with an existing physical impairment is unable to secure such jobs because of inability to pass the physical examination necessary to secure such employment.

■ The Sixth Circuit Court of Appeals and this court have consistently followed the rule that not only must a man be able to do work, but jobs of a type which he is able to perform must be available to him in the area in which he resides in order to sustain a denial of disability benefits. Jones v. Celebrezze, 6 Cir., 321 F.2d 192; Baskin v. Celebrezze, D.C., 230 F.Supp. 812; Christie v. Celebrezze, D.C., 243 F.Supp. 156.

The Hearing Examiner attempts to distinguish between availability of jobs, and ability to secure same, arguing that providing disability benefits merely because of inability to get work would amount to an unemployment insurance program, which the Social Security Act is not designed to be.

■ The Act is concerned with a particular person attempting to claim its benefits, and the effect of the impairment upon that person, considered in light of all his abilities and inabilities. Randall v. Flemming, 192 F.Supp. 111 (W.D.Mich.1961).

To say that jobs are available and to ignore the fact that they are unavailable to a particular person because of circumstances brought about by physical inability, and to base a denial of disability benefits on this state of affairs, is to lose sight of the remedial nature of this legislation.

■ Plaintiff has no job available to him because of his age, experience and physical disability. These factors, considered in their totality, together with the availability of work for the individual, must determine the existence or non-existence of a disability, within the

meaning of the Act. See Baskin v. Celebrezze, supra, and Henninger v. Celebrezze, supra.

Absent his physical problems, this plaintiff would in all probability, still be employed at the work he was engaged in at the time of his injury. Therefore, the conclusion must be drawn that physical disability, and not age or experience, is the cause of his present inability to secure employment.

This court, therefore, reverses the decision of the Hearing Examiner and orders that disability benefits be awarded to the plaintiff.