**Joseph F. KALAN, Jr., Plaintiff,**

**v.**

**Robert FINCH, Secretary of the United States Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 69–1080.**

United States District Court,
W. D. Pennsylvania.

June 25, 1970.

Kenneth J. Yablonski, Washington, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., by Douglas D. McBroom, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

On June 24, 1968, plaintiff filed with the Social Security Administration an application to establish a period of disability under § 216(i) of the Social Security Act, as amended, 42 U.S.C. § 416(i), and an application for disability insurance benefits under § 223 of the Act, as amended, 42 U.S.C. § 423, alleging that he became unable to engage in any substantial gainful activity on June 1, 1968, as a result of a bad back and lung condition (R., p. 81). Plaintiff's claims were denied initially and upon reconsideration by the Bureau of Disability Insurance, and at his request a hearing was held before a hearing examiner of the Bureau of Hearings and Appeals who also denied his claims. On June 27, 1969, the Appeals Council of the Social Security Administration advised plaintiff that his request for review by it of the hearing examiner's decision was denied; whereupon, pursuant to § 205 (g) of the Act, as amended, 42 U.S.C. § 405(g), plaintiff commenced this action to obtain a judicial review of the decision of the Secretary[1] denying his claims. With his answer to plaintiff's complaint, defendant filed a certified copy of the record of the proceedings before the Administration in compliance with § 205(g) of the Act and subsequently moved for summary judgment.

Section 205(g), *supra*, provides in its pertinent part as follows:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * *." 42 U.S.C. § 405(g).

Under § 205(g) and under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., we are limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

"[T]he test for disability consists of two parts: (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity." Bujnovsky v. Celebrezze, 343 F.2d 868, 870 (3d Cir. 1965).

Section 223(d) of the Act, *supra*, provides:

"(1) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *.

"(2) For purposes of paragraph (1) (A)—

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with re-

---

1. Since the Appeals Council affirmed the decision of the hearing examiner, his findings of fact became the findings of fact of the Secretary under § 205 of the Act. Hodgson v. Celebrezze, 312 F.2d 260, 261 (3d Cir. 1963).

spect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

" * * *

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d).

The definition of disability under § 216 (i), *supra,* is the same.

Plaintiff was born on August 8, 1916, and completed one year of high school and a one-year automotive mechanics course before, at age 18, he went to work in the coal mines. With the exception of his military service, he worked in the mines until 1963. Unable to continue underground mining work, in 1963 plaintiff worked for the Pennsylvania Transformer Company as a stock room or tool room attendant. In this job, agility was needed, and plaintiff was required to move fast to supply other workers with needed tools (R., p. 107). On January 15, 1965, a strike at the Pennsylvania Transformer Company caused plaintiff to look for another job. He next secured employment with Consolidation Coal Company as a slate picker. He was required to lift and carry plate steel weighing 100 pounds and to climb on conveyors. This job was eliminated on January 1, 1968, and plaintiff worked as a repairman's helper until June 8, 1968, when he "passed out" (R., p. 44). The repairman's helper job did not involve "light work" (R., pp. 46–47).

The medical evidence disclosed, and the hearing examiner found that plaintiff suffers from a pulmonary condition, characterized by the various medical experts as chronic bronchial asthma, emphysema and pneumoconiosis. It was also found that plaintiff has a musculoskeletal impairment of his back, which is correctible by surgery but which limits his ability to work. Evidence relating to plaintiff's partial loss of hearing was considered inconsequential by the hearing examiner.

Plaintiff's significant subjective complaints were back pain and shortness of breath. The back pain has been present since his military service. He was placed in traction for this in 1966 but objective evidence of his condition appears to have been detected only in 1968. It was in that year that the back problem became so severe that Dr. McCarrell, the treating physician, advised plaintiff to stop working. His pulmonary impairment was first diagnosed in 1959.

There was a conflict in the medical evidence as to the severity of plaintiff's pulmonary impairment. Drs. Criep and Sachs concluded that plaintiff is totally disabled. Dr. Wilson was of the opinion that plaintiff cannot work in coal mines. Dr. Scott indicated that his ventilatory studies were compatible with a moderately severe obstructive ventilatory defect which conclusion was also reached by Dr. McCarrell, plaintiff's treating physician. Dr. Hall, who stated that plaintiff may have pneumoconiosis, and Dr. Shapera noted that plaintiff's pulmonary function studies were normal, and Dr. Hall suggested that "the patient should not be significantly disabled * * *." (R., p. 147). Dr. Rayburn interpreted plaintiff's chest x-ray as evidencing no pulmonary impairment.

The evidence established that plaintiff does have a back impairment. Drs. McCarrell and Hall concluded that plaintiff suffers from degenerative joint disease in the lumbar spine. Dr. Ramaswamy, an orthopedic surgeon, found sclerotic changes in plaintiff's lumbar spine and a markedly narrowed disc space between L–5, S–1 in August, 1968. Dr. Ramaswamy suggested that plaintiff's back condition would be relieved if he were to undergo a spinal operation. Dr. McCarrell was of the opinion that plaintiff is totally disabled as a result of the back condition, whereas Dr. Hall said that plaintiff "should not be sig-

nificantly disabled \* \* \* by his back complaints" (R., p. 147). Plaintiff's subjective complaints resulting from his back ailment are demonstrated in the record.

The hearing examiner found that plaintiff does suffer from pulmonary and back impairments. He concluded, however, that these impairments do not preclude plaintiff from engaging in substantial gainful activity excluding work in dusty or humid atmospheres and arduous work.

■ A vocational expert testified that, assuming that plaintiff cannot lift heavy objects because of his back condition and shortness of breath, plaintiff could not return to his work in the mines, but that he could perform the job of tool room attendant which he performed from 1963 to 1965. The Secretary's decision should be sustained if there is substantial evidence that plaintiff is able to perform one of his former jobs. *Cf.* Rose v. Finch, 303 F.Supp. 921 (W.D.Pa. 1969).

■ The only evidence of record indicates that plaintiff cannot perform his former jobs. The only former job which the hearing examiner found plaintiff able to perform is that of tool room attendant which requires fast movement by the worker. To find that the plaintiff is capable of fast movement is to totally ignore his back impairment and its resulting pain. Reliance was placed on 20 CFR § 404.1507 relating to the wilful failure of a disabled individual to follow prescribed treatment, in this case, spinal surgery. No evidence of wilfulness appears. The medical report containing this recommendation of surgery was not furnished plaintiff. Nor is there evidence that plaintiff could pay for the surgery and hospitalization suggested. In the light of the plaintiff's back impairment, the vocational expert's opinion that plaintiff can perform his previous job of tool room attendant is not substantial evidence probative of his ability to perform a former job.

■ Plaintiff having met his burden of proof of disability to engage in his prior occupations, the burden of proof shifted to the Secretary to prove that other jobs which are within plaintiff's competence, exist in significant numbers in plaintiff's region or in several regions of the country. 42 U.S.C. § 423(d) (2) (A). *Cf.* Gentile v. Finch, 423 F.2d 244 (3d Cir. 1970); Baker v. Gardner, 362 F.2d 864, 868 (3d Cir. 1966); Bujnovsky v. Celebrezze, *supra,* 343 F.2d at p. 871. The vocational expert listed other types of jobs which, in his opinion, were within plaintiff's residual capacity. He testified that "there are a few jobs of this kind available" in a four county area of Pennsylvania (R., p. 70). There was no evidence, however, that these jobs exist "in significant numbers \* \* \*." 42 U.S.C. § 423(d) (2) (A). Thus the Secretary's finding with respect to plaintiff's residual capacity is not supported by evidence required by the pertinent statute.

■ The Secretary's decision involves two findings: that plaintiff is able to perform one of his former jobs, and that other jobs within his competence are available in significant numbers in his region or several regions of the country. Since neither of these findings is supported by substantial evidence, the Secretary's decision should be reversed.

An appropriate order will be entered.