**Howard E. JONES, Plaintiff,**

v.

**Wilbur J. COHEN, Secretary of the United States Department of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 68–447.**

United States District Court
W. D. Pennsylvania.

Feb. 11, 1969.

Kenneth J. Yablonski, Washington, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., by John H. Bingler, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, District Judge.

On April 4, 1966, plaintiff filed with the Social Security Administration an application for a period of disability under § 216(i) of the Social Security Act, as amended, 42 U.S.C. § 416(i), and for disability insurance benefits under § 223 of the Act, as amended, 42 U.S.C. § 423, alleging that he first became unable to engage in any substantial gainful activity on November 12, 1964.[1] His claims were denied by the Evaluation and Authorization Branch of the Social Security Administration and by the Division of Reconsideration, Bureau of Disability Insurance, and at plaintiff's request a hearing was had before a hearing examiner of the Social Security Administration, Bureau of Hearings and Appeals, who also denied plaintiff's claims. On March 27, 1968, the Appeals Council of the Social Security Administration advised plaintiff that his request for review by it of the hearing examiner's decision was denied; whereupon, pursuant to § 205(g) of the Act, as amended, 42 U.S.C. § 405(g), plaintiff commenced this action to obtain a judicial review of the decision of the Secretary[2] denying plaintiff's claim. With his answer to plaintiff's complaint, defendant filed a certified copy of the transcript of the record of proceedings before the Social Security Administration in compliance with § 205(g) of the Act, *supra*, and subsequently moved for summary judgment. The plaintiff has filed a cross motion for summary judgment.

■ Section 205(g), *supra*, provides in its pertinent part as follows:

"As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under § 205(g) and under the Administrative Procedure Act, 5 U.S.C. § 1001 et seq., we are limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957); Ferenz v. Folsom, 237 F.2d 46 (3d Cir. 1956). And while "in discharging that duty we must keep in mind * * * that 'courts must now assume more responsibility for the reasonableness and fairness' of decisions of federal agencies * * *", Goldman v. Folsom, *supra*, 246 F.2d p. 778, citing Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), we "may not substitute * * * [our] inferences for those of the referee which are supported by substantial evidence." Ferenz v. Folsom, supra, 237 F.2d p. 49, citing, inter alia, Livingstone v. Folsom, 234 F.2d 75 (3d Cir. 1956). "Our judicial duty therefore is to satisfy ourselves that the agency determination has warrant in the

---

1. Plaintiff changed this date to August 16, 1965 at the hearing held on November 22, 1967.

2. Since the Appeals Council of the Social Security Administration affirmed the decision of the hearing examiner, his findings of fact became the findings of fact of the Secretary under § 205 of the Act. See: Hodgson v. Celebrezze, 312 F.2d 260, 261 (3d Cir. 1963), citing Goldman

v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

Subsection 205(g) of the Act, as amended September 13, 1960, Pub.L. 86–778, § 702(a), 74 Stat. 924, provides:

"Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in such office." 42 U.S.C. § 405(g).

record, viewing that record as a whole, and a reasonable basis in law. [Citations omitted.]" Boyd v. Folsom, 257 F.2d 778, 781 (3d Cir. 1958). See also, Braun v. Ribicoff, 292 F.2d 354, 357 (3d Cir. 1961).

Section 216 of the Act, 42 U.S.C. § 416(i) (1) (A), as amended,[3] provides that the term "disability" means:

" * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months * * *."

The definition of "disability" under § 223(d) of the Act, 42 U.S.C. § 423(d) (1) (A), as amended, is the same.

" '[T]he test for disability consists of two parts: (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity.' " Bujnovsky v. Celebrezze, 343 F.2d 868, 870 (3d Cir. 1965); Janek v. Celebrezze, 336 F. 2d 828, 833 (3d Cir. 1964); Hodgson v. Celebrezze, 312 F.2d 260, 263 (3d Cir. 1963); Klimaszewski v. Flemming, 176 F.Supp. 927, 931 (E.D.Pa.1959).

We have reviewed the record upon which the hearing examiner based his decision and conclude that on the record as a whole, the Secretary's decision that the plaintiff is not precluded from engaging in any substantial gainful activity is not supported by substantial evidence as that term is defined by the Supreme Court of the United States in the case of National Relations Labor Board v. Columbian Enamaling and Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939):

"Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' * * * and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

After reviewing the evidence, the hearing examiner found that the plaintiff has (1) a mild to moderate impairment of the pulmonary function as a result of moderate emphysema, (2) mild diabetes mellitus, controlled, (3) moderate osteoporosis resulting in moderate discomfort in his joints, and (4) a dilated left inguinal ring which precludes heavy lifting. The examiner also found that the plaintiff's impairments do not preclude him from engaging in sustained sedentary and light activities, eight hours a day on a regular basis, and that jobs, which plaintiff is capable of performing, are available in the area of his residence.

While holding that the hearing examiner's findings regarding the plaintiff's physical impairments are supported by substantial evidence, it is our opinion that his finding that the plaintiff is not precluded from substantial gainful activity is not supported by substantial evidence.

The undisputed evidence is that plaintiff was born on December 18, 1915; that he completed 6⅓ years of elementary education; that from age 16 until he was laid off on November 12, 1964, with the exception of brief military duty and employment for a five or six month period with Pittsburgh Plate Glass Company, he worked in coal mines as a hand loader, weighman-car dumper, cutter, electric driller, shuttle car operator, shot firer, builder of bratices, boom boy, and motorman, and, that during slack times

---

3. Section 303(a) of Public Law 89–97, July 30, 1965, amended §§ 216(i) and 223 of the Social Security Act by substituting "to last for a continuous period of not less than 12 months" for the former requirement that an individual's impairment must be expected "to be of long-continued and indefinite duration".

(summers), he worked on construction. The plaintiff has engaged in no gainful activity since he was laid off.

The evidence presented to the hearing examiner regarding the plaintiff's physical condition was the reports of Richard W. Heineman, M.D., William R. Balash, M.D., R. H. Balk, M.D., Norman Cohen, M.D., records of Allegheny Valley Hospital, and the testimony of plaintiff. Dr. Heineman, plaintiff's attending physician, made two reports,[4] one of which is not dated.[5] The undated report was directed to the state department of public assistance. In this report Dr. Heineman diagnosed advanced osteoarthritis, emphysema, "some" pulmonary fibrosis, dilated left inguinal ring, and dyspnea on exertion. The second report filed by Dr. Heineman, which report was made pursuant to a Social Security Administration request, contained diagnoses of rheumatoid arthritis and emphysema. The report of Dr. Balash, which was made for the Armstrong County Board of Assistance (R., p. 180), contained diagnoses of pulmonary emphysema, premature arteriosclerosis, possible latent diabetes and dilated left inguinal ring. Dr. Balk certified to the Pennsylvania social agency that plaintiff was permanently and totally disabled. The hearing examiner observed that Dr. Balk's report is based only on the findings contained in Dr. Heineman's first report. The Allegheny Valley Hospital records indicated degenerative changes in the cervical, lumbar and thoracic areas of plaintiff's spine, emphysema and diabetes mellitus.

The hearing examiner gave the greatest weight to the medical report filed by Dr. Cohen, a specialist in internal medicine. Dr. Cohen concluded that plaintiff suffers from generalized osteoporosis, moderate emphysema and moderate dental caries.

The testimony of plaintiff was largely disregarded by the hearing examiner.

Plaintiff testified that he has a poor grip, continuous upper back pain between the shoulders, shortness of breath, discomfort in sitting or standing for over one-half hour, inability to lift heavy objects, dizziness, and temporary loss of control of the legs. He also testified that on some days he finds it difficult to move as a result of pain which he attributes to arthritis.

■■ The hearing examiner may accept the medical findings of one physician over the conflicting findings of another. We hold that there was substantial evidence to support the hearing examiner's finding that plaintiff's only impairments were emphysema, osteoporosis, diabetes mellitus and dilated left inguinal ring.

■ The hearing examiner also found that plaintiff is not able to work in occupations which would be detrimental to his lungs or which would require heavy lifting. It was thus found that plaintiff is disabled from engaging in his prior occupations.

■ Plaintiff having met his burden of proof of disability to engage in his prior occupations, the burden of proof shifted to the Secretary to prove that other jobs, which are within plaintiff's competence, are available to him. Baker v. Gardner, 362 F.2d 864, 868 (3d Cir. 1966); Bujnovsky v. Celebrezze, *supra*, 343 F.2d at p. 871. In order to meet his burden of proof, the Secretary must prove that there exist reasonable employment opportunities for plaintiff. In discussing the Secretary's burden of proof, the Court of Appeals for the Third Circuit has said:

"Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available." Janek v. Celebrezze, *supra*, 336 F.2d at p. 833.

Whether a reasonable opportunity exists is to be determined in the light of the

---

4. The record contains two brief letters written by Dr. Heineman.

5. An authorization, purportedly signed by plaintiff, attached to the report bears the date of February 18, 1966.

claimant's impairments, age, education, training, work experience, and the labor market. Bujnovsky v. Celebrezze, *supra*. Cf. Janek v. Celebrezze, *supra;* Hodgson v. Celebrezze, *supra*.

The law in this respect has not been changed by the January 2, 1968 amendment to the Social Security Act, which provides:

"[A]n individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d) (2) (A).

The hearing examiner based his finding that plaintiff is not disabled on the recital of a vocational witness that the jobs of nightwatchman, bottle inspector, warehouse clerk, machine oiler, bench hand, lot chaser, industrial truck operator (fork lift), salesman, laundry checker, hospital attendant, and tool clerk exist within the 35–40 mile area of plaintiff's residence and that they could be performed by plaintiff.

The record before the court lacks substantial evidence that the plaintiff has a "reasonable opportunity" to engage in any of the gainful activities listed by the vocational witness.

Furthermore, the weight of the evidence points to a conclusion that plaintiff is disabled from engaging in substantial gainful activity. The plaintiff is 53 years old, has spent substantially all of his working life in the coal mines, was formally educated for less than seven years, and has no skill or training which would prepare him for any occupation except those which are, admittedly, beyond his capability. The Department of Public Welfare of the Commonwealth of Pennsylvania has determined that he is totally and permanently disabled and thus entitled to state disability benefits. Plaintiff's attending physician, Dr. Heineman, who has treated plaintiff since 1952, is of the opinion that he is disabled, and the vocational witness testified, assuming plaintiff's subjective complaints to be valid, that he is disabled. Although none of these facts is controlling, each is substantial evidence that the plaintiff is unable to engage in any substantial gainful activity.

We believe that plaintiff has met his burden of proof by presenting substantial evidence that his impairments have in fact resulted in an inability to engage in any substantial gainful activity, and that the Secretary's decision must be reversed because it is not supported by substantial evidence.

An appropriate order will be entered.