Nicholas W. SCANLON

v.

Elliot L. RICHARDSON, Secretary, Department of Health, Education and Welfare.

Civ. A. No. 19–71 Erie.

United States District Court,
W. D. Pennsylvania.

June 27, 1972.

John F. Potter, Erie, Pa., for plaintiff. .

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

OPINION

WEBER, District Judge.

This is a Social Security Act appeal under 42 U.S.C.A. 405(g) to review a final decision of the Secretary of Health, Education and Welfare. The parties have filed cross-motions for summary judgment.

There appears to be no contested issue of fact that plaintiff meets the insured status requirements of the act and that he was at the time of these proceedings suffering from a severely disabling illness which began prior to the date when the Secretary's decision became final.

In May 1969 plaintiff was diagnosed as having "disseminated sclerosis". He was found to have optic atrophy in the left eye associated with a central scotoma, weakness of the lower left extremity, loss of hearing in the left ear. He had experienced prior episodes of severe vertigo and ataxia. The onset of this illness was traced back to a left hemiparesis of about six months duration in 1962. Examination by a neurologist requested by the State agency in July 1969 revealed that plaintiff has trouble walking with his left leg and extending his

left arm, that he has an unsteady gait and unsteady movements, has difficulty in coordination and synchronization of fine movements. The final diagnosis of the neurologist in July 1969 was multiple sclerosis with widespread and multiple system disturbance and guarded prognosis.

Plaintiff, prior to March 1968, operated a garage for general auto repairs, which included a Dodge dealership, the sale of gasoline from two pumps, a wholesale tire distributorship, the operation of three school buses. He employed an office girl and two full time mechanics and three part-time bus drivers. He bought the business in 1945, as a going business corporation of which he is the sole stockholder, and up to the first quarter of 1969 took only a salary from the business. Up to March 1968 he was actively engaged in the work of the business, functioning as a mechanic, as a school bus driver, pumping gas and selling parts. He now contends, and the medical evidence supports him, that he cannot perform any of these functions on a sustained basis, and some not at all.

The Secretary denied plaintiff's application because it was shown that plaintiff still attends his place of business daily, that the business is still operating with the same number of employees, that the business is both substantial and profitable.

The disputed fact area revolves around the question of whether plaintiff's attendance at his business operation constitutes substantial gainful activity.

The plaintiff asserts that his daily attendance at the garage is due to the fact that his personal physician has recommended this activity as a psychotherapeutic procedure. Plaintiff also states that he goes from his home eight miles out of town to his place of business in order to be near his physician in case of any sudden attack. Plaintiff states that in accordance with his physician's recommendation to keep occupied, he tries some of the small tasks required in the business, but that he cannot perform any task on a sustained basis, or with the efficiency that would be expected of a worker employed in that capacity. He no longer drives a school bus, he has discontinued the tire distributor business. He cannot look up parts and prices in the catalogues without great difficulty. Plaintiff claims that it is impossible for him to perform the functions of the garage that he did prior to the illness.

The evidence shows that Plaintiff has ceased drawing a stated salary from the business and that such monies as he has received were in the nature of the repayment of capital invested in the business in the nature of loans.

As of June 5, 1969 the Government acknowledged that plaintiff has been under an impairment and disability since May 15, 1969. [Record, pp. 95, 96].

The denial of benefits, however, is based on a finding of substantial gainful activity; i. e. the management of the corporation's gas station and garage. The plaintiff's testimony, however, was that all of his prior activity in the business was physical activity, there was very little management involved. He formerly drove a school bus. He formerly pumped gas, sold tires and parts. He formerly did mechanical work. He can no longer drive the bus at all, or do mechanical work, and he can only sell gas or parts with extreme difficulty and for limited periods.

We believe that once the claimant has established his disability and inability to do his former work the burden shifts to the Secretary to establish ability to do substantial gainful activity. Bujnovsky v. Celebrezze, 343 F.2d 868 [3rd Cir., 1965]; Janek v. Celebrezze, 336 F.2d 828 [3rd Cir., 1964]; Starvis v. Finch, 315 F.Supp. 854 [W.D.Pa. 1970].

The Hearing Examiner was impressed by the evidence that plaintiff is still in complete control of the corporation and that he continues to draw money therefrom, that he attends his place of business daily. The reason for such attendance is shown in the record and the na-

ture of plaintiff's income from the business are explained.

█ The plaintiff's income from his business is fully consistent with his claim of a return on capital invested. The fact that he draws income from a wholly-owned business enterprise that he has built up over a lifetime of work does not satisfy the burden of proof placed upon the Secretary that he is engaged in activity that is both substantial and gainful. Plaintiff might well draw the same return on capital invested without any attendance at his place of business. Thus we conclude that the finding that plaintiff was engaged in gainful activity is not supported by the evidence of his income from this business.

█ Plaintiff's occasional services about the premises do not support a finding of substantial activity. Again the burden of proof rests upon the Secretary because the medical evidence clearly supports plaintiff's disability. The evidence produced is only that plaintiff attends his place of business daily. His explanation that the doctor ordered this as a matter of therapy is supported by his physician. [Record, p. 145]. The doctor also states that his attendance at the garage does not mean that he is able to work, because for all purposes his physical disabilities prevent him from doing anything in the garage that he formerly was able to do, except on a very limited and restricted basis.

"Mere ability to perform such jobs is insufficient to justify a denial of disability benefits. Specific findings by the examiner are necessary on the issue of whether claimant's physical condition would prevent him from being hired or from competing for jobs, for us to determine whether correct legal standards have been applied in deciding this case. . . . it is necessary also that there be a showing of a reasonable opportunity for the claimant to compete in the manner normally pursued by persons genuinely seeking work, for a job within his determined capabilities. See Celebrezze v. Kelly, 5 Cir. 1964, 331 F.2d 981; Alsobrooks v. Gardner, 5 Cir. 1966, 357 F.2d 110." Bridges v. Gardner, 368 F.2d 86 [5th Cir., 1966].

"The ability to perform work existing in the appropriate labor market requires a determination of whether the claimant would be considered for employment if a job vacancy occurred. If, in practice, the claimant could not reasonably expect to be hired, then no job exists for him." Gardner v. Smith, 368 F.2d 77 [5th Cir., 1966].

Applying the test of reasonableness it is utterly unreasonable to conclude that anyone would employ plaintiff to perform the services which the examiner found to be substantial and gainful employment. Even the physician engaged by the State agency to evaluate plaintiff finds this extensive disability and concludes that "the patient would be able to manage his own benefits", which we take to mean that he is not so mentally incapable as to require the appointment of a guardian.

We are conscious of the rule that the court does not retry this issue *de novo*, and that the decision of the Secretary must be affirmed if substantial evidence exists to support the denial of disability benefits. As to disability there is no dispute. We then conclude that there is no substantial evidence to support the finding that plaintiff is engaged in substantial and gainful activity. Plaintiff's mere presence at the garage and his receipt of income from his wholly-owned corporation, either in the form of dividends or a return of capital do not supply the substantial evidence of gainful activity.

The motion of plaintiff for summary judgment will be granted.