**Clyde R. COLLINS, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of the Department of Health and Human Services of the United States of America, Defendant.[1]**

**Civ. No. L 87–116.**

United States District Court, N.D. Indiana, Hammond Division at Lafayette.

Dec. 8, 1989.

■

---

1. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the court, on its own motion, substitutes Louis W. Sullivan for Otis R. Bowen as the defendant-Secretary.

**622**

Charles J. Myers, Kokomo, Charles H. Criss, Peru, Ind., for plaintiff.

Tina L. Nommay, Asst. U.S. Atty., Fort Wayne, Ind., for defendant.

## MEMORANDUM OPINION AND ORDER

ALLEN SHARP, Chief Judge.

Clyde R. Collins (the "Claimant") appeals from the final decision of the Secretary of Health and Human Services (the "Secretary") denying his application for supplemental security income pursuant to Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381 *et seq.* Jurisdiction over Claimant's petition for judicial review is conferred on this court by 42 U.S.C. § 1383(c)(3).

### I.

On October 21, 1986, Claimant filed an application with the Secretary for supplemental security income (R. 29–38). The Secretary denied his application initially (R. 64–66) and on reconsideration (R. 71). Claimant then requested a hearing, which was held before an administrative law judge ("ALJ") on May 28, 1987. In a decision issued July 27, 1987, the ALJ found Claimant not disabled and thus not entitled to benefits under Title XVI of the Act (R. 9–13). That decision became the final decision of the Secretary on October 27, 1987, when the Appeals Council denied Claimant's timely request for review (R. 3–4). Claimant appealed that determination. Because the ALJ had applied an inappropriate provision of the Code of Federal Regulations (CFR), this court remanded to the Secretary for application of the correct CFR section. The remand was merely procedural, not requiring the Secretary to reopen the record for the purpose of taking new evidence. On remand, the Secretary again found Claimant not entitled to benefits (R. 138–39; 140–43), and Claimant appeals that finding. Revisiting this matter, the court again considers the parties' cross-motions for summary judgment, each supported by a memorandum.

### II.

The Act itself provides the pertinent standard of review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The ALJ's finding that Claimant was not disabled must be upheld if it is supported by substantial evidence. *Farrell v. Sullivan,* 878 F.2d 985, 988 (7th Cir.1989). This court will not reweigh the evidence presented at the administrative hearing, *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir.1987), nor will it determine whether Claimant actually was disabled. *Farrell,* 878 F.2d at 988; *Walker,* 834 F.2d

at 640; *Fox v. Heckler*, 776 F.2d 738, 742 (7th Cir.1985). Absent an error of law by the Secretary, this court must affirm his decision if there is substantial evidence to support it. *Steward v. Bowen*, 858 F.2d 1295, 1297 (7th Cir.1988); *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir.1984). Substantial evidence is that quantum of relevant evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Claimant must be "disabled" in order to qualify for the benefits he requests. The Act defines "disabled" as the inability to "engage in any substantial gainful activity [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

### III.

Applying the statutory definition of disabled in this case, the ALJ found Claimant not disabled under the Act; in so finding, the Secretary thereby renders Claimant ineligible to receive benefits. The ALJ grounded his finding of not disabled on his conclusion that Claimant engages in substantial gainful activity (SGA). Pursuant to statutory authority, 42 U.S.C. § 1382c(a)(3)(D), the Secretary has promulgated regulations for determining whether an individual is engaged in SGA. *See generally* 20 C.F.R. § 416.971 *et seq.* In the present appeal, Claimant alleges two errors committed by Secretary: first, that the Secretary erroneously determined that Claimant is engaged in SGA; and, second, that the Secretary inadequately reviewed the entire record in reaching the decision that Claimant is not disabled. Claimant requests this court to grant his motion for summary judgment and reverse the decision of the Secretary. For reasons described herein, Claimant's motion for sum-

mary judgment is DENIED, and the decision of the Secretary is AFFIRMED.

### IV.

The court addresses in turn each of Claimant's allegations of error.

■ 1. Claimant criticizes the ALJ's conclusion that he is engaged in substantial gainful activity (SGA). SGA is defined as work involving significant and productive physical or mental duties performed for pay or profit. 20 C.F.R. § 416.910. The amount of pay or profit may demonstrate that Claimant is engaging in SGA. Indeed, the primary criteria for evaluating work activity are the Secretary's earnings guidelines established to assess a worker's productivity. The CFR provides that, if an individual's work activity generates a given level of income, he is presumed to be engaged in SGA. *See* 20 C.F.R. § 416.975. Claimant repeatedly seems to allege, however, that his ability to work only one and one-half days per week is *per se* insubstantial activity and thus entitles him to receive supplemental security income. In fact, Claimant has framed the issue thus: "the only evidence here is [that Claimant] has done one and one-half days of work a week and regardless of the amount of pay is [not][2] substantial gainful activity." That position is untenable.

Claimant is self-employed in the trash hauling business (R. 33). The Secretary has established regulations to determine whether such self-employment constitutes SGA. 20 C.F.R. § 416.975. The CFR states:

> (a) ... [Y]ou [, Claimant,] have engaged in substantial gainful activity if—
>
> \*  \*  \*  \*  \*  \*
>
> (2) Your work activity ... is clearly worth the amount shown in § 416.974(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to do the work you are doing; or

---

**2.** The court inserts the word "not" to Claimant's statement of position because the court believes, in light of Claimant's argument, that the omission was simply an oversight.

(3) You render services that are significant to the operation of the business and receive a substantial income from the business.

20 C.F.R. § 416.975(a).

In the present case the ALJ found that Claimant's work meets the requirements of subsection (2), above, in that his income exceeds the $300 set forth in 20 C.F.R. § 416.974(b)(2)(vi). While the amount of Claimant's average monthly income is subject to some dispute because of Claimant's own contradictory reports, the court finds that substantial evidence supports the ALJ's finding in this regard.

In Exhibit 13 (Claimant's request for administrative reconsideration of the ALJ's decision), Claimant himself attests that his monthly revenues are $528 and expenses $143 ($33 per week), amounting to net monthly income of $385 (R. 67). In Exhibit 10, Claimant's wife made a statement in which she stated his net earnings were "about $400 per month on average" (R. 61). In Exhibit 24, Claimant indicated his net self-employment income was $300 per month (R. 126). Other evidence, however, (appearing at, *inter alia*, R. 33, 45, 74, 133), suggests that Claimant's net monthly income was less than the "magical" $300 amount. As the finder of fact, the ALJ is charged with the task of sifting through this conflicting evidence and reaching a factual determination as to Claimant's net monthly income. The ALJ has performed his task and concluded in both decisions (originally and on remand) that Claimant's net earnings exceeded $300 per month (R. 9–13; 140–43). This court cannot conclude, as Claimant urges, that the ALJ's finding is not grounded in substantial evidence.

It is true that the income alone of a self-employed individual is insufficient to establish SGA, 20 C.F.R. § 416.975(a), for other factors influence this determination, including capital investment, profit sharing agreements, etc. *Id.* Thus, the mere ownership of a business and receipt of income therefrom do not, by themselves, support a finding that a claimant is engaging in SGA. For example, SGA was not established where the claimant enjoyed a sizable income from his wholly owned business in the form of dividend payments (or returns to capital). *Scanlon v. Richardson*, 370 F.Supp. 1141, 1143 (W.D.Pa.1972).

The present case is to be distinguished, however. Claimant here is the sole proprietor of a trash collecting business, which is entirely dependent upon Claimant's continued labor for its revenue. If Claimant does not work, the business realizes no income. Thus Claimant's services to the business are "significant." *See* 20 C.F.R. § 416.975(b)(1). So also is the income from his business substantial. *See id.* at § 416.975(c)(1). As discussed above, Claimant's average monthly income exceeds the $300 set forth in section 416.974(b)(2). Claimant thus satisfies the requirements of both guidelines sections 416.975(a)(2) and (a)(3), above, and was properly found engaging in SGA.

Because Claimant is not a sophisticated businessman, he invites this court to take judicial notice that he incurs other expenses—such as insurance, maintenance, depreciation of his capital asset (truck)—in addition to those he used to estimate his net income. Claimant presumably argues that, if these other expenses were counted, his actual net income would be shown to be less than $300 per month. The court declines Claimant's invitation. Claimant bears the burden at this stage of the disability inquiry of presenting evidence in his behalf. *Bowen v. Yuckert*, 482 U.S. 137, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987). He has provided no evidence that he has incurred any of the above expenses. The court refuses to relieve Claimant of his statutory burden of proof or to speculate as to the existence or amount of his claimed expenses.

■ 2. Claimant also assigns error to the lack of thoroughness in the ALJ's analysis. Claimant argues it is not clear that the ALJ reviewed all the evidence in making his finding of not disabled. Specifically, Claimant believes the ALJ did not review his affidavit (Exhibit 26) (R. 133–35). The Seventh Circuit's standard of "minimal articulation" of evidentiary findings, *see Zblewski v. Schweiker*, 732 F.2d 75, 78–79

(7th Cir.1984), was elaborated upon in *Walker v. Bowen*, 834 F.2d 635 (7th Cir. 1987). *Walker* held that an ALJ need not "discuss every piece of evidence, [rather he need] only ... articulate his rationale sufficiently to allow meaningful review." *Id.* at 643. The court believes the ALJ in this case has done so.

## V.

Based on the foregoing review of the record in this case, the court finds substantial evidence to support the Secretary's finding that Claimant is not disabled and thus not entitled to supplemental security income. Accordingly, the Secretary's decision is AFFIRMED; Claimant's motion for summary judgment is DENIED; and the Secretary's motion for summary judgment is GRANTED. IT IS SO ORDERED.